IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVE POSTON,

   Plaintiff,        No. CIV S-10-1349 JAM EFB PS

  vs.

ROBERT TAMIETTI; JASON JONES;  ORDER AND
CALIFORNIA DEPARTMENT OF    ORDER TO SHOW CAUSE
HIGHWAY PATROL; ERIC WAGNER;
KEITH ROYAL; DONALD E. LOWN, JR.;
TAMARA ZUROMSKIS; CLIFFORD
NEWELL;

   Defendants.
_____/

   This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). Currently noticed for hearing on September 15, 2010 are defendants County of Nevada, Clifford Newell, Jason Jones, Tamara Zuromskis, Donald Lown, Jr., and Keith Royal's (the "County defendants") motion to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6), Dckt. Nos. 4 and 12, and defendant Robert Tamietti's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), Dckt. Nos. 6 and 14.

   Court records reflect that although plaintiff earlier filed an opposition to the County defendants' motion, Dckt. No. 7, he has not filed an opposition to defendant Tamietti's motion to

dismiss.[1] Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by September 1, 2010. Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing *in pro se*, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). *Pro se* litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing on defendants' motions to dismiss, Dckt. Nos. 12 and 14, is continued to October 27, 2010;

2. Plaintiff shall show cause, in writing, no later than October 13, 2010, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to defendant Tamietti's motion.

////

---

[1] Nor has plaintiff filed anything in response to defendants' amended notices of motion, which were filed after this case was related to 2:09-CV-03124 JAM-EFB and reassigned to the undersigned. *See* Dckt. Nos. 11, 12, 14. Findings and recommendations were issued in 2:09-CV-03124 JAM-EFB on August 16, 2010, recommending that the case be dismissed for lack of subject matter jurisdiction. *See* 2:09-CV-03124 JAM-EFB, Dckt. No. 53.

3. Plaintiff shall file an opposition to defendant Tamietti's motion, or a statement of non-opposition thereto, no later than October 13, 2010.

4. Failure of plaintiff to file an opposition will be deemed a statement of non-opposition to the motion, and may result in a recommendation that this action be dismissed for lack of prosecution.  *See* Fed. R. Civ. P. 41(b).

5. Defendants may file replies to plaintiff's opposition(s), on or before October 20, 2010.

SO ORDERED.

DATED:  September 9, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE